WALTER J. ROTHSCHILD, Judge.
li>This is an appeal from a trial court judgment denying a motion to set aside a bond forfeiture. For the reasons assigned by this Court in Appeal No. 06-CA-443 rendered this date, the judgment of the trial court is hereby vacated and the matter is remanded to the trial court for further proceedings.

Facts and Procedural History

On December 1, 2003, John D. Williams was charged with a violation of La.R.S. 14:71, issuing worthless checks.[1] Williams failed to appear for an arraignment hearing on January 27, 2004, and the court ordered an attachment to be issued. On February 12, 2004, defendant was arraigned and he pled not guilty. The court set bond in the amount of $1,000. On March I ¡¡3, 2004, Bankers Insurance Company (“Bankers”) through its agent posted a bond in the amount of $1000.00 for the release of defendant from the Jefferson Parish Correctional Center.
*105 On March 15, 2004, defendant failed to appear for trial and the court ordered a second attachment be issued. Defendant appeared for trial on January 31, 2005 and the matter was continued on motion of the defense attorney.
On March 28, 2005, defendant failed to appear in court for trial, and on oral motion by the State, a judgment of bond forfeiture was rendered on this date. The judgment of forfeiture was' mailed to defendant, to Bankers and to Bankers’ agent on April 5, 2005.
On August 29, 2005, Hurricane Katrina struck southeast Louisiana, resulting in a disruption and suspension of government services, business transactions and normal life activities for an extended period. As a result of the problems created by. hurricane damage, the Governor of Louisiana issued a series of executive orders that extended deadlines in legal proceedings, beginning on September 6, 2005.
On October 25, 2005, Bankers filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. Bankers asserted the judgment was an absolute nullity based on the fact that defendant could not be located because of the effects of Hurricane Katrina. Following a hearing on December 8, 2005, the trial court denied this motion.[2] In its oral reasons, the trial court found that the motion to set aside bond forfeiture was not timely filed and further determined that the Governor’s Executive Order | ¿suspending legal deadlines did not apply to bond forfeiture proceedings. Bankers subsequently filed a motion to reconsider which was likewise denied on January 4, 2006. This appeal followed.

Discussion

In the opinion of this Court rendered this same date and numbered 06-CA-443, we considered the identical issue presented by this appeal. Although the State filed separate bills of information in each of these cases, the factual and procedural history are nearly identical. The parties are identical and the charges brought against defendant are the same. The only discernible difference between the two cases is that the present appeal involves a single count indictment in which Bankers posted a $1,000 appearance bond and 06-CA-443 involves a three-count indictment in which Bankers posted a $1,500 appearance bond. In all other aspects, the two cases are identical, and we will follow the same reasoning in both cases.
In No. 06-CA-443, we determined that the trial court erred in determining that the Governor’s Executive Orders suspending deadlines in all legal proceedings did not extend to these bond forfeiture proceedings. We concluded that based on the effect of these orders, Bankers’ motion was timely filed, and we remanded the matter to the trial court to consider the merits of that motion. We necessarily reach the same result here.
For the reasons assigned in Appeal Number 06-CA-443 rendered this date, we vacate the trial court’s judgment denying Bankers’ Motion to Set Aside Judgment of Bond Forfeiture and we remand the matter for the trial court to consider the motion on its merits.

VACATED AND REMANDED.

. On the same date, Williams was charged in a companion case with three counts of violating La. R.S. 14:71. That case was assigned docket number 03-7392 and was assigned to the same division of the trial court handling the present case. Bankers also posted bond in this case which was subsequently forfeited based on defendant's failure to appear for trial. Bankers also filed an identical motion in this case to set aside the bond forfeiture, and the trial court heard both of these matters at the same time and rendered identical judgments. Bankers has filed separate appeals from these rulings.

. The written judgment denying this motion is signed by the trial judge although it is not dated. However, it is evident that the judgment was signed after the hearing on December 8, 2005 when the trial court orally noted that the motion would be denied.